## ANN E. BECK v. THE UNITED NEW JERSEY RAILROAD AND CANAL COMPANIES.

The act of 1864, *p.* 293, gives the defendants power to condemn lands for the purpose of widening their road. The limitation upon such power is the reasonable necessity of the road, the proviso as to width in the second section not applying to the act of widening.

On *certiorari.*

Argued at June Term, 1876, before Justices DEPUE, KNAPP and VAN SYCKEL.

For the plaintiff, *Cortlandt Parker.*

For the defendants, *J. Henry Stone.*

The opinion of the court was delivered by

VAN SYCKEL, J.  The controversy in this case involves the right of the defendants to take, by condemnation, a portion of the plaintiff's lands in Union county, for the purpose of widening their railroad.  It is admitted that it is expedient for the defendants to widen their road at that point.

The several legislative enactments upon which the power now sought to be exercised is rested, are as follows:

The charter of the New Jersey Railroad, passed March 7th, 1832, (*Appendix to Laws,* 1849, *p.* 50,) authorizes the taking of land not exceeding sixty-six feet in width.

The supplement to this charter, passed 1864, (*Laws,* 1864, *p.* 293, § 2.)

The act of 1867, *p.* 114, authorizing a consolidation of the New Jersey Railroad, the Camden and Amboy Railroad and the Delaware and Raritan Canal Companies.

The act of 1864, *p.* 1037, and the act of 1872, *p.* 567, giving the consolidated company all the powers of the New Jersey Railroad Company.

The case turns mainly upon the construction of the second section of the act of 1864, *p.* 293, which is in these words:

"'That it shall be lawful for said company, whenever they may deem it expedient to shorten, straighten, widen or otherwise improve any part of the route of their road, at or between its present termini, to change the location of such part intended to be improved; and when such change of location shall be determined upon, and the new route laid out, to construct their road upon the same, and to take and acquire title to the lands required for that purpose, in the manner provided by the act to which this is a supplement, &c.; provided, that it shall be lawful for said company, after such change shall be made and the road over such new route completed, to abandon that part of their present road for which the new route shall be substituted; and provided, that the said new location shall not be laid out of any greater width than authorized by the act to which this is a supplement."

The width authorized by the last-mentioned act is sixty-six feet, which had, prior to the passage of this supplement, been appropriated by the company.

The authority to widen, if granted, is an authority to widen at all points when necessary, not to widen at any designated points, to the exclusion of others.

While the settled rule must be applied to this case, that the authority of the company shall be expressed, and cannot be derived through doubtful implication, the legislative grant must be so construed as to give effect to all its parts, according to a reasonable and fair interpretation.

The plaintiff insists that the authority to take land exists only where a change of location is contemplated, which is not proposed by the company in this case; and that the proviso as to width applies to the entire grant of power.

If this is the true reading of the act, it is clear that further proceedings by the defendants must be arrested, and it is equally apparent that this construction gives no effect whatever to the word "widen."

In fact, it imputes to the law-maker the absurdity of de-

claring that the company may widen their road, provided they do not make it any wider, because it has already been laid out to the full width of the prior grant. "Widen" is a word of clear and definite meaning; it has been used by the legislature in this statute, and it is the duty of the court, not to expunge it, but to give effect to it, if it can be done without violating settled rules of statutory construction.

The right to widen is one of the powers which the legislature has declared they had in view, and which they intended to confer by this law, and I think it may and should be so read as to give effect to that intention.

That part of the second section which pertains to changing the location of the road, as well as the proviso restricting the width, is applicable only to shortening and straightening the road, not to widening it, and should not be held to be a limitation upon the power expressed by the word "widen." Surely, when the road was merely widened, the legislature could not have presumed that any part of it was to be abandoned by the company. Abandonment follows a change of location—a substitution of a new for an old route, in order to shorten or straighten it.

The interpretation relied upon by the relator would make the right to widen depend upon the fact that the company deemed it expedient to change the location, and the act would be read thus:

"That it shall be lawful for said company, whenever they deem it expedient to change the location of such part intended to be improved, to shorten, straighten, widen," &c.

But this is not what the legislature has said. The power of the company to take, is expressly made to depend upon the fact whether they deem it expedient either to shorten or straighten or widen, or otherwise improve any part of their route, or to change its location, and in either of these contingencies, the authority passes to them.

Full effect is given to all these powers by reading the act thus:

"That it shall be lawful for said company to do the follow-

ing acts, whenever they may deem it expedient: 1. They may shorten. 2. Straighten. 3. Widen. 4. Otherwise improve any part of their route. 5. To change the location of any part intended to be improved, and when such change is determined upon and the new route selected, to construct their road upon the same. And lastly, in each and every of these instances, to take and acquire title to the lands required for that purpose."

This limits the provisos as to abandoning the old route, and as to the width to their appropriate effect upon the act of shortening or straightening the road, and does not make them wholly repugnant to one of the expressed powers conferred. The prohibition as to widening in excess of the original grant, is limited, by the terms of the proviso, to new locations of the road. No change of location results from widening; that follows only where the road is shortened or straightened, so that lands of other proprietors intervene between the old and new route.

If this view is not adopted, then the act must be read in this way:

" That it shall be lawful for the company, whenever they deem it expedient to shorten their road, or when they deem it expedient to straighten, or when they deem it expedient to widen, to change the location of their road," &c.

The only power then given would be to change the location of the road, and the right to exercise that would be left to depend upon either of three contingencies: Whether the company deemed it expedient either—1. To shorten. 2. To straighten, or 3. To widen.

This interpretation cannot be acquiesced in, because the legislature could not have intended to make a change of location the condition upon which the right to widen should depend, and the right to widen is wholly inconsistent with a change of location accompanied by a restriction to the original width.

While this act is not drawn with that clearness which should mark all legislative enactments, the power to widen is

so expressed that it cannot be denied to the company, without wholly rejecting a word which is not of doubtful meaning. It may reasonably be held, that the legislature designed to restrict the company to the original width, as sufficient for its purposes, only when the road was straightened or shortened, and that in view of its vast and constantly accumulating traffic, and in order to promote dispatch and safety in the transportation of freight and passengers, it was not intended to place any limitation upon the power to widen, other than the reasonable necessities of the road. When they are exceeded, this court will interpose to protect any party who may be aggrieved.

In my opinion, the company is entitled to prosecute its proceedings for condemnation. The writ should be dismissed, with costs.